## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **AMERICAN NURSES ASSOCIATION,** *et al.*, | ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| v. | ) ) ) | **Civil Action No. 08-2198 (RMC)** |
| **LISA JACKSON,**[1] *et al.*, | ) ) ) | |
| **Defendants.** | ) ) | |

## ORDER

Plaintiffs[2] sue the United States Environmental Protection Agency to compel it to promulgate final emissions standards under § 112(c)(5) of the Clean Air Act, 42 U.S.C. § 7412(c)(5), for the hazardous air pollutants emitted by new and existing coal- and oil-fired electric utility steam generating units ("EGUs").  Pending before the Court is a motion for summary judgment filed by Intervenor-Defendant Utility Air Regulatory Group ("UARG").  *See* Dkt. # 11.  It argues that while EGUs remain listed under § 112(c), Plaintiffs cannot be granted relief because (i) in March 2005 EPA promulgated a final rule revising its December 2000 regulatory finding that regulation of EGUs is appropriate and necessary, and (ii) EPA has no authority to regulate EGU hazardous air pollutants other than mercury.  Plaintiffs and EPA oppose.

---

[1]  Pursuant to Federal Rule of Civil Procedure 25(d), Lisa Jackson is substituted for her predecessor, Stephen L. Johnson, Administrator of the United States Environmental Protection Agency.

[2]  American Nurses Association, Chesapeake Bay Foundation, Inc., Conservation Law Foundation, Environment America, Environmental Defense Fund, Izaak Walton League of America, Natural Resources Council of Maine, Natural Resources Defense Counsel, Physicians for Social Responsibility, Sierra Club, Ohio Environmental Council, and Waterkeeper Alliance, Inc.

In *New Jersey v. Environmental Protection Agency*, 517 F.3d 574 (D.C. Cir. 2008), the United States Court of Appeals for the District of Columbia Circuit vacated EPA's March 29, 2005 final rule titled "Revision of December 2000 Regulatory Finding on the Emissions of Hazardous Air Pollutants From Electric Utility Steam Generating Units and the Removal of Coal- and Oil-Fired Electric Utility Steam Generating Units From the Section 112(c) List." *See* 70 Fed. Reg. 15,994 (Mar. 29, 2005).  As the title of the rule suggests, contained therein was a revision of EPA's December 20, 2000 notice of regulatory finding under § 112(n)(1)(A) "that regulation of [hazardous air pollutant] emissions from coal- and oil-fired electric utility steam generating units under section 112 is appropriate and necessary." 65 Fed. Reg. 79,825, 79,830 (Dec. 20, 2000).  The rule vacated by the D.C. Circuit stated that, "*by this action*, we are revising the December 2000 appropriate and necessary finding and concluding that it is neither appropriate nor necessary to regulate coal- and oil-fired Utility Units under section 112." 70 Fed. Reg. 15,994 (emphasis added).

Notwithstanding that the D.C. Circuit vacated the rule in which EPA sought to revise its December 20, 2000 appropriate and necessary finding with a new and contradictory finding, UARG argues that EPA's revised finding survives the court's vacatur order.  This is so, UARG's argument goes, because the court expressly declined to reach petitioners' alternative argument that EPA's revised finding was arbitrary and capricious and instead reasoned only that the rule was contrary to § 112(c)(9) because it delisted EGUs without EPA having first made specific findings.

UARG makes too much of the court's decision not to reach petitioners' alternative argument.  The court declined because it was unnecessary given the court's finding that the rule was invalid under § 112(c)(9).  Had the court intended to vacate only that portion of the rule delisting EGUs, *i.e.*, only that portion of the rule that the court found violated § 112(c)(9), it could have

expressly said so and severed the remainder of the rule from its vacatur order.  *E.g., Davis County Solid Waste Mgmt. v. EPA*, 108 F.3d 1454, 1459-60 (D.C. Cir. 1997).  It did not.  Nor can it be presumed that by choosing not to reach petitioners' alternative argument the court intended to leave that portion of the rule intact.  *See Cement Kiln Recycling Coal. v. EPA*, 255 F.3d 855, 872 (D.C. Cir. 2001) (per curiam) ("we have chosen not to reach the bulk of industry petitioners' claims, and leaving the regulations in place during remand would ignore petitioners' potentially meritorious challenges"); *see also Natural Res. Def. Council v. EPA*, 489 F.3d 1250, 1262 (D.C. Cir. 2007) (same).  If anything, it can be presumed that the court chose not to reach petitioners' potentially meritorious alternative argument because the argument was moot in light of the fact that the court vacated the entirety of the rule of which EPA's revised finding was only a part.  This Court therefore construes the D.C. Circuit's holding in *New Jersey* as vacating EPA's March 2005 rule completely.

UARG next argues that EPA's authority to regulate EGU hazardous air pollutants "extend[s] no further than establishing standards for mercury emissions, the only EGU [hazardous air pollutant] identified by Administrator Browner in her December 2000 'notice.'"  Intervenor-Def.'s Mem. in Supp. of Mot. for Summ. J. [Dkt. # 11] at 18.  EPA disputes that assertion, and counters that "the December 2000 Finding is not limited to mercury emissions."  Def.'s Opp'n to Intervenor-Def.'s Mot. for Summ. J. [Dkt. # 14] at 14 n.8.  The Court need not — and indeed cannot — resolve this dispute in the context of this lawsuit because EPA has not promulgated regulations of EGU hazardous air pollutants and the D.C. Circuit already has held that EPA's December 20, 2000 notice of regulatory finding is not a final agency action subject to judicial review.  *See Util. Air Regulatory Group v. EPA*, No. 01-1074, 2001 WL 936363, at *1 (D.C. Cir. July 26, 2001).  In this lawsuit, Plaintiffs are seeking to compel EPA to promulgate regulations of EGU hazardous air

pollutants.  UARG may challenge the scope of those regulations if and when EPA promulgates them.

It cannot seek dismissal of Plaintiffs' lawsuit because in its view EPA has no authority to regulate

EGU hazardous air pollutants other than mercury.  Because no regulations currently exist, any

opinion by this Court as to their permissible scope would be advisory, and prohibited by the

Constitution.  *E.g.*, *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am. Inc.*, 508 U.S. 439, 446

(1993).  Accordingly, it is hereby

**ORDERED** that UARG's motion for summary judgment [Dkt. # 11] is **DENIED**.

**SO ORDERED**.

Date: October 20, 2009                                    /s/                                                   
                                                                         ROSEMARY M. COLLYER
                                                                         United States District Judge