IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
**AMERICAN NURSES ASSOCIATION**, *et al.*,  )
                                       )
    **Plaintiffs,**                     )
                                       )
         v.                        )    Civ. No. 1:08-cv-02198 (RMC)
                                       )
**LISA JACKSON, Administrator,**           )
**United States Environmental Protection** )
**Agency, and**                            )
                                       )
**UNITED STATES ENVIRONMENTAL**            )
**PROTECTION AGENCY,**                     )
                                       )
    **Defendants.**                    )
                                       )
_____)

**CONSENT DECREE**

WHEREAS, Plaintiffs American Nurses Association, Chesapeake Bay Foundation, Inc., Conservation Law Foundation, Environment America, Environmental Defense Fund, Izaak Walton League of America, Natural Resources Council of Maine, Natural Resources Defense Council, Physicians for Social Responsibility, Sierra Club, The Ohio Environmental Council, and Waterkeeper Alliance, Inc. filed a complaint on December 18, 2008 against the U.S. Environmental Protection Agency ("EPA" or the "Agency") and its Administrator;

WHEREAS, Plaintiffs allege that EPA has failed to perform a mandatory nondiscretionary duty under section 304(a)(2) of the Clean Air Act ("CAA" or "the Act"), 42 U.S.C. § 7604(a)(2), by failing to promulgate final maximum achievable control technology

1

("MACT") emissions standards for hazardous air pollutants ("HAP") from coal- and oil-fired electric utility steam generating units ("EGUs" or "power plants"), pursuant to CAA section 112(d), by the statutorily-mandated deadline;

WHEREAS, Plaintiffs seek an order from this Court that, among other things, would establish a deadline by which EPA must promulgate final MACT emissions standards for HAP from coal- and oil-fired EGUs;

WHEREAS, it is in the interest of the public, the parties and judicial economy to resolve this matter without further expense and delay; and

WHEREAS, the Court hereby finds and determines that this settlement represents a just, fair, adequate and equitable resolution of all claims raised in this action except for the amount of Plaintiffs' costs of litigation, including reasonable attorneys' fees.

NOW THEREFORE, before the taking of any testimony, without trial or determination of any issue of fact or law, and upon consent of the parties, it is hereby ORDERED, ADJUDGED and DECREED that:

**SUBJECT MATTER JURISDICTION AND VENUE**

1.    This Court has subject matter jurisdiction over the claims set forth in the complaint and to order the relief contained in this consent decree.

2.    Venue for this action lies in this District Court pursuant to § 304(a) of the Act, 42 U.S.C. § 7604(a), and 28 U.S.C. §§ 1391 (b) and (e).

## EPA OBLIGATIONS

3. No later than March 16, 2011, EPA shall sign for publication in the Federal Register a notice of proposed rulemaking setting forth EPA's proposed emission standards for coal- and oil-fired EGUs pursuant to CAA section 112(d).

4. No later than November 16, 2011, EPA shall sign for publication in the Federal Register a notice of final rulemaking setting forth EPA's final emission standards for coal- and oil-fired EGUs pursuant to CAA section 112(d).

5. No later than five business days following signing of the notice of proposed rulemaking required under paragraph 3 and no later than five business days following signing of the notice of final rulemaking required under paragraph 4, EPA shall deliver such notices to the Office of the Federal Register for prompt publication.  Following such delivery to the Office of the Federal Register, EPA shall not take any action (other than is necessary to correct any typographical errors or other errors in form) to delay or otherwise interfere with the publication of such notices in the Federal Register.  On or before the date by which EPA transmits the signed notices to the Office of Federal Register for publication, EPA shall request in writing that the Office of Federal Register take all necessary steps to publish the notices expeditiously.  EPA shall make available to Plaintiffs copies of the notices referenced in Paragraphs 3 and 4 promptly following signature by the Administrator.

## MODIFICATION OF THIS DECREE

6. Any provision of this Consent Decree may be modified by written stipulation executed by counsel for the Parties and filed with the Court.  In addition, any provision of this Consent Decree may be modified by the Court upon motion by any Party to this Consent Decree, for good cause shown, and upon consideration of any response by the non-moving Party.

7. Consistent with paragraph 6, EPA may request modification of the deadlines set out in this Consent Decree in accordance with the following procedures:

a. If EPA seeks to modify a deadline established by this Consent Decree and provides notice to plaintiffs' counsel of said modification and of the reasons then known for said modification at least 60 days prior to the deadline sought to be modified, then the filing of such motion shall, upon request by EPA, stay the deadline for which modification is sought. Such stay shall remain in effect until the earlier of (i) a dispositive ruling by this Court on such motion, or (ii) the date 30 days after the deadline sought to be modified.

b. If EPA seeks to modify a deadline established by this Consent Decree by 30 days or less and provides notice to plaintiffs' counsel of said modification and of the reasons then known for said modification at least 20 days prior to the deadline sought to be modified and files the motion at least 15 days prior to the deadline sought to be modified, then the filing of such motion shall, upon request by EPA, stay the deadline for which modification is sought. Such stay shall remain in effect until the earlier of (i) a dispositive ruling by this Court on such motion, or (ii) the date sought in the motion.

c. If EPA does not provide notice pursuant to subparagraphs (a) or (b) above, EPA may nonetheless move the court for a stay of the date for which modification is sought, but the filing of the motion for modification will not operate to stay the deadline absent an order of the court.

d. Any motion to modify the deadlines established in this Decree shall be accompanied by a motion for expedited consideration. All parties to this Decree shall join in any motion for expedited consideration associated with a motion to modify filed pursuant to the provisions of (a) or (b) above.

## CONTINUING JURISDICTION, TERMINATION
## AND RESOLUTION OF DISPUTES

8. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree and to consider any requests for costs of litigation (including reasonable attorneys' fees).

9. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall contact the other Party to confer and attempt to reach an agreement on the disputed issue. If the Parties cannot reach a resolution, any Party may move the Court to resolve the dispute.

## SAVINGS PROVISIONS

10. The obligations imposed on EPA under this Consent Decree can only be undertaken using appropriated funds.  No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31, U.S.C. § 1341, or any other applicable law or regulation.

11. Except as provided herein, nothing in this Consent Decree shall be construed to limit or modify the discretion accorded to EPA by the Clean Air Act or by general principles of administrative law in taking the actions referred to in Paragraphs 3 and 4.

**ATTORNEY FEES AND COSTS**

12. The deadline for the filing of a motion for costs of litigation (including reasonable attorneys' fees) for activities performed prior to the entry of this Consent Decree in this case is hereby extended until 120 days after entry of this Consent Decree by the Court.  During this time the Parties shall seek to resolve informally any claim for costs of litigation (including reasonable attorneys' fees), and if they cannot reach a resolution, Plaintiffs may seek such costs from the Court. The Court shall retain jurisdiction to resolve any request for costs of litigation (including reasonable attorneys' fees).

**SECTION 113(g)**

13. The Parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice in the Federal Register and an opportunity for comment pursuant to Clean Air Act §113(g), 42 U.S.C. § 7413(g).  EPA shall expeditiously prepare such notice and forward it to the Office of the Federal Register for publication within 10 business days of lodging the draft Consent Decree with the Court. After the close of the comment period, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold consent to this Consent Decree, in accordance with section 113(g) of the Clean Air Act. If the United States elects not to withdraw or withhold consent to this Consent Decree, the Parties shall file promptly a motion requesting that the Court enter this Consent Decree.

**RECIPIENTS OF NOTIFICATION**

14. Any notices required or provided for by this Decree shall be in writing, via facsimile, or e-mail, and sent to the following:

For Plaintiffs:
Ann B. Weeks
Clean Air Task Force
18 Tremont Street, Suite 530
Boston, MA 02108
617-624-0234
617-624-0230 (fax)
aweeks@catf.us

For Defendants:
Paul Versace, Attorney,
US EPA, Office of General Counsel Air and Radiation Law Office
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

Mary Whittle, Trial Attorney
Environmental Defense Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Attn: DJ # 90-5-2-4-18439

or such other person as either party may subsequently identify in writing to the other party.

## SIGNATURE OF PARTIES

15.   The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

For Plaintiffs

Dated: October 22, 2009

/s/ James S. Pew
_____
James S. Pew (D.C. Bar No. 448830)
Earthjustice
1625 Massachusetts Avenue, NW
Suite 702
Washington, DC 20036-2212
(202) 667-4500 (phone)

*Attorney for Environmental Defense Fund,*
*Natural Resources Defense Council,*
*and Sierra Club*

/s/ Ann Brewster Weeks
_____
Ann Brewster Weeks (*Pro hac vice*)
Clean Air Task Force
18 Tremont Street
Suite 530
Boston, MA 02108
(617) 624-0234 (phone)

*Attorney for Conservation Law*
*Foundation, Environment America,*
*Izaak Walton League of America,*
*Natural Resources Council of Maine,*
*and The Ohio Environmental Council*

/s/ John T. Suttles, Jr.
_____
John T. Suttles, Jr. (*Pro hac vice*)
Southern Environmental Law Center
200 West Franklin Street, Suite 330
Chapel Hill, NC 27516
(919) 967-1450 (phone)

*Attorney for American Nurses*
*Association and Physicians for Social*
*Responsibility*

/s/ Jon A. Mueller
_____
Jon A. Mueller (MD Bar No. 17142)
Chesapeake Bay Foundation, Inc.
6 Herndon Avenue
Annapolis, MD 21403
(410) 268-8816 (phone)

*Attorney for Chesapeake Bay Foundation,*
*Inc.*

*Of Counsel*
Scott A. Edwards
Waterkeeper Alliance, Inc.
50 South Buckhout Street
Suite 302
Irvington, NY 10533
(914) 674-0622 (phone)

For Defendants

Dated: October 22, 2009

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

/s/ Mary Whittle

_____
MARY WHITTLE
DC Bar # 973916, TX Bar # 24033336
Trial Attorney
Environmental Defense Section
Environment & Natural Resources Division
P.O. Box 23986
Washington, DC 20026-2986
Tel: (202) 514-0286
Fax: (202) 514-8865

PAUL VERSACE
US EPA, Office of General Counsel Air and Radiation Law Office
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460


SO ORDERED this _____ day of _____, 2009.



_____
UNITED STATES DISTRICT JUDGE